IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAY EKEYA**, <br><br> Plaintiff, <br><br> v. <br><br> **SHRINERS HOSPITAL FOR CHILDREN, PORTLAND**, a Colorado Non-Profit Corporation, and **JOHN CRAIG PATCHIN**, an individual, <br><br> Defendants. | Case No. 3:17-cv-195-SI <br><br> **ORDER** |

Kyann Kalin and Peter Stutheit, STUTHEIT KALIN LLC, 308 SW First Ave., Suite 325, Portland, OR 97204. Of Attorneys for Plaintiff.

John M. Kreutzer and Jessica E. Wilcox, SMITH FREED & EBERHARD PC, 111 SW Fifth Ave., Suite 4300, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Kay Ekeya ("Ekeya") filed a lawsuit in Oregon state court, asserting employment-related claims under state law against her former employer, Shriners Hospital for Children, and its Portland hospital administrator, John C. Patchin (collectively, "Defendants"). In her lawsuit, Ekeya alleges that Shriners retaliated against her by terminating her employment after she reported that her immediate supervisor had violated patient privacy rights by allowing a

PAGE 1 – ORDER

news reporter into Shriners' hospital in Portland to take and publish photographs in areas not generally open to the public. Ekeya also alleges that Patchin aided and abetted the unlawful retaliation by Shriners. Ekeya is a citizen of the State of Washington, Shriners is a Colorado non-profit corporation, and Patchin is a citizen of the State of Oregon. Defendants removed the case to federal court, asserting diversity jurisdiction. In an effort to avoid the forum defendant rule, which prohibits removal when a defendant is a citizen of the forum state, Defendants argued that Plaintiff cannot state a colorable claim against Patchin and, thus, he has been fraudulently joined. From this, Defendants asserted that Patchin's presence did not preclude removal. Plaintiff filed a motion to remand, arguing that Patchin has not been fraudulently joined. The Court granted Plaintiff's motion and remanded the action to state court. ECF 23. The Court also granted Plaintiff's request for reasonable attorney's fees. *Id.*

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "A court may award attorney fees when removal is wrong as a matter of law." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 864 (9th Cir. 2003). Whether to award fees is within the discretion of the court, *id.*, and there is no presumption for or against awarding fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005) (noting that "just as there is no basis for supposing Congress meant to tilt the exercise of discretion in *favor* of fee awards under § 1447(c) . . . so too there is no basis here for a strong bias *against* fee awards . . . .") (emphasis in original). The Supreme Court has described how a court should consider this question:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

> In light of these "large objectives," the standard for awarding fees
> should turn on the reasonableness of the removal. Absent unusual
> circumstances, courts may award attorney's fees under § 1447(c)
> only where the removing party lacked an objectively reasonable
> basis for seeking removal. Conversely, when an objectively
> reasonable basis exists, fees should be denied.

*Id.* at 140-41 (internal citation omitted). Thus, the question is whether Defendants "lacked an objectively reasonable basis for seeking removal." As explained in the Court's earlier Opinion and Order (ECF 23), it was not objectively reasonable for Defendants to assert that Patchin had been fraudulently joined and it was not objectively reasonable for Defendants to remove this action in violation of the forum defendant rule when Patchin is a citizen of the forum state.

Plaintiff originally sought $12,775 in attorney's fees incurred in opposing Defendants' motion to dismiss Patchin and bringing Plaintiff's motion to remand. ECF 24. Defendants responded that Plaintiff's motion for fees should be denied in its entirety based on Plaintiff's counsel's failure sufficiently to confer before filing Plaintiff's motion. ECF 26 at 2-4. Alternatively, Defendants urged the Court to award Plaintiff no more than $10,110. *Id.* at 26. In her reply, Plaintiff concedes:

> As Defendants correctly note in their Response, Plaintiff did not
> strictly comply with LR 7-1. Plaintiff's counsel emailed
> Defendants' counsel rather than telephoning him and did so
> without providing much time for Defendants to respond to her
> email.

ECF 28 at 2. Plaintiff concludes her reply by reducing her requested attorney's fees to $11,795, explaining that "Plaintiff hereby withdraws her request for fees associated with preparation of her Motion for Attorney's Fees because of her failure to strictly comply with the requirements of LR 7-1." *Id.* at 28. Defendants then filed a motion to strike Plaintiff's reply because it was filed three days after the 14-day deadline for the filing of a reply, as set forth in LR 7-1(3)(2). ECF 30.

As Plaintiff concedes, Defendants are correct that Plaintiff failed sufficiently to confer on her motion for attorney's fees. Simply sending an email to opposing counsel and not allowing sufficient time for a meaningful conference by telephone or in person is insufficient compliance with the local rules of this district. See LR 7-1(a)(1) (requiring a movant to certify that "the parties made a good faith effort through personal or telephone conferences to resolve the dispute" or otherwise provide a satisfactory explanation for the failure to do). For that reason, Plaintiff will not recover the time spent in preparing her motion for attorney's fees, which would otherwise have been recoverable. Defendants also are correct that Plaintiff should have, within the deadlines set by court rule, either filed her reply or requested an extension of time. Requests for modest extensions are routinely granted, often based on nothing more than an informal request to the Court. Thus, when Plaintiff realized that she would be unable timely to file her reply, she should inquired of Defendants' counsel whether Defendants would oppose a modest request for extension and then telephone or email the Courtroom Deputy requesting a modest extension of time and informing the Courtroom Deputy of Defendants' position on this request. The Court expects that Plaintiff's counsel will do that in the future, but striking the reply is too severe of a sanction.

The Court has reviewed the merits of Plaintiff's request for attorney's fees. The Court calculates the amount of reasonable attorney's fees using the lodestar method. The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (federal law); *Moro v. State*, 360 Or. 467, 472 (2016) (Oregon law).

Plaintiff requests $11,795 in attorney's fees for 33.7 hours worked by attorney Kyann C. Kalin, at a rate of $350 per hour. Ms. Kalin has been a practicing attorney for 17 years.

Originally admitted to practice in California in 2000, she has been a member of the Oregon State Bar since 2006. Since 2003, her practice has focused almost exclusively on employment litigation. Based on the Oregon State Bar 2012 Economic Survey, available at https://www.osbar.org/_docs/resources/econsurveys/12economicsurvey.pdf, and the 2014 Morones Survey of Commercial Litigation Fees, ECF 25 at 13-17, the Court finds reasonable Ms. Kalin's requested hourly rate of $350. In addition, the Court has reviewed Ms. Kalin's time records, set forth in ECF 25 at 5-7, and finds reasonable Plaintiff's request for compensation for 33.7 hours.[1] Accordingly, Plaintiff is entitled to recover the product of 33.7 hours times $350 per hour, which is $11,795.

## CONCLUSION

Plaintiff Kay Ekeya's Motion for Attorney's Fees (ECF 24) is GRANTED IN PART. Plaintiff is awarded $11,795 in fees. Defendants' Motion to Strike (ECF 30) is DENIED.

**IT IS SO ORDERED**.

DATED this 28th day of August, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] As discussed previously in this Order, this amount excludes all time spent by Plaintiff's counsel preparing the fee petition, which totals 2.8 hours.